UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BECKY J. JONES, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
|     vs. | ) CAUSE NO. 2:15-cv-257-WTL-DKL |
| | ) |
| KNOX COUNTY ASSOCIATION FOR | ) |
| RETARDED CITIZENS, INC., d/b/a | ) |
| KCARC, | |
| | ) |
|   Defendant. | ) |

### ENTRY ON MOTION TO STRIKE AFFIRMATIVE DEFENSES

This cause is before Court on the Plaintiff's motion to strike several of the affirmative defenses pled in the Defendant's Answer. The motion (Dkt. No. 15) is fully briefed and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

The Plaintiff alleges that in February 2015 she was told by the Defendant, her employer for whom she was working as a Service Coordinator, that the job title for her position was changing and that she would have to reapply for the new position. She reapplied and was not chosen for the new position; instead, she was offered other positions that paid substantially less. She alleges that a younger, less qualified person was hired for the new position. She asserts claims for age discrimination and retaliation pursuant to the Age Discrimination in Employment Act ("ADEA") as well as a claim for intentional infliction of emotional distress.

The Defendant asserts twelve affirmative defenses in its Answer; the Plaintiff now moves to strike nine of them. Affirmative defenses will be stricken "only when they are insufficient on the face of the pleadings." *Heller Financial v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Motions to strike are "not favored and will not be granted unless it appears to a

certainty that the plaintiff would succeed despite any state of the facts which could be proved in support of the defense . . . and are inferable from the pleadings."[1] *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (citations and internal quotation marks omitted).

Of the nine affirmative defenses that the Plaintiff moves to strike, the Defendant concedes that two—Nos. 11 and 12—are "not appropriate based upon the allegations contained in Plaintiff's Complaint," Dkt. No. 17 at 4; accordingly, the motion to strike is **GRANTED** as to those two affirmative defenses.

With regard to the remainder of the affirmative defenses contained in the Answer, the Plaintiff argues that several of them are not actually affirmative defenses. For example, Affirmative Defense No. 1 reads "Plaintiff was not qualified for the position of Pre-Vocational Services Coordinator, or, if she was qualified, she was not as qualified as Jerry Richardson, who was hired by [the Defendant] after careful comparison of the two applicants' qualification." The Court agrees that this is not an affirmative defense.

> The essence of an affirmative defense is that it assumes the plaintiff can prove its factual allegations. An affirmative defense raises additional facts or legal arguments that defeat liability nonetheless. *See* 2 Moore's Federal Practice 8.08[1] (3d ed. 2013); *see also* 5 Wright & Miller, Federal Practice and Procedure § 1271, at 585 (3d ed.2004); *Sloan Valve Co. v. Zurn Industries, Inc.*, 712 F.Supp.2d 743, 756 (N.D. Ill. 2010); *Menchaca v. American Medical Response of Illinois, Inc.,* 6 F.Supp.2d 971, 972 (N.D. Ill. 1998).

*E.E.O.C. v. Mach Min., LLC*, 738 F.3d 171, 184 (7th Cir. 2013), *vacated and remanded on other grounds,* 135 S. Ct. 1645 (2015)). The Defendant argues that it is an affirmative defense because "[i]t is axiomatic that the burden of proof in employment discrimination cases is not stagnant but

---

[1] The Seventh Circuit has not yet determined whether the more stringent pleading standard for complaints set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 127 S. Ct. 1937 (2009), also applies to affirmative defenses. The Court therefore will apply the standard set forth by the Seventh Circuit in *Williams*.

rather moves to an opposing party one a *prima facie* case is made.  Thus, **if** [the Plaintiff] can demonstrate she was qualified, it becomes incumbent upon KCARC to demonstrate that she was not qualified." Dkt. No. 17 at 5 (emphasis in original).  In so arguing, the Defendant confuses the burden-shifting method available to plaintiffs in employment discrimination cases to avoid summary judgment and a plaintiff's burden at trial.

> At the trial, as we have explained before, the burden-shifting process came to an end, and the only question was whether [the plaintiff] presented enough evidence to allow a rational jury to find that she was the victim of discrimination. *See Diettrich v. Northwest Airlines, Inc.*, 168 F.3d 961, 965 (7th Cir. 1999); *Gehring v. Case Corp.*, 43 F.3d 340, 343 (7th Cir. 1994). The Supreme Court's recent decision in *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000), makes it clear that she could do this either by convincing the jury that Blue Cross's claim of firing her for poor writing, investigatory skills, and follow-through was actually a pretext for discrimination, *id.* at 2108, or by other evidence from which it could find intentional discrimination. *Id.* at 2108–09 (also emphasizing that the trier of fact is not required to find discrimination if it rejects the defendant's explanation).

*Massey v. Blue Cross-Blue Shield of Ill.*, 226 F.3d 922, 925 (7th Cir. 2000).  The Defendant does not have the burden of proving anything regarding the Plaintiff's qualifications at trial; the Plaintiff is correct that Affirmative Defense No. 1 is not an affirmative defense.  The same is true of Affirmative Defense No. 7 (because the Defendant does not have the burden of proving it acted in good faith) and Affirmative Defense No. 8 (because the Defendant does not have the burden of proving it acted solely for business reasons).  Similarly, Affirmative Defense No. 4 is not an affirmative defense, because the Plaintiff has the burden of proving her entitlement to liquidated damages; the Defendant does not have to disprove it.

So the Plaintiff is correct that the Defendant has pled things as affirmative defenses that are not actually affirmative defenses.  And while it is not clear to the Court how striking those paragraphs from the Defendant's answer is helpful to the Plaintiff, it is also clearly not harmful

to the Defendant in any way.  Accordingly, the Court **GRANTS** the motion to strike as to Affirmative Defenses Nos. 1, 4, 7, and 8.

Affirmative Defenses Nos. 5 and 9 both relate to the Plaintiff's duty to mitigate damages; Affirmative Defense No. 6 asserts the after-acquired evidence doctrine.  With regard to each, the Plaintiff argues, correctly, that the Defendant has done no more than recite the defense, without providing any facts that support its application to this case.  The Court agrees that such bare-bones pleading is not sufficient.  *See Heller*, 883 F.3d at 1295 (finding it appropriate to strike affirmative defense that are "nothing but bare bones conclusory allegations").  While the Defendant argues that it must be permitted to assert defenses without facts because it has not yet had the opportunity to conduct discovery, Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend pleadings is to be freely given "when justice so requires," and justice would require that a Defendant be permitted to amend its answer to add an affirmative defense once discovery revealed facts that supported it, as long as the Defendant moved prior to the deadline for amending pleadings or promptly after obtaining the relevant discovery.  *See Global Tech. & Trading, Inc. v. Tech Mahindra Ltd.*, 789 F.3d 730, 733 (7th Cir. 2015) ("It is unnecessary for the judiciary to be stingy with extensions of the Rule 8(c) deadline, or with amendments under Rule 15(a)(2), since *both* plaintiffs and defendants want to recognize and raise affirmative defenses as soon as possible, in order to cut their own legal bills. . . .  District judges have authority to authorize a litigant to assert an affirmative defense despite its omission from the answer.") (emphasis in original).    Accordingly, the motion to strike is **GRANTED** as to these affirmative defenses as well.

For the reasons set forth above, the motion to strike is **GRANTED** in its entirety and Affirmative Defenses Nos. 1, 4-9, and 11-12 are **STRICKEN** from the Answer.  That said, the

Court notes that there is a reason that motions to strike are disfavored, as both the Court's and counsel's resources were spent reviewing the instant motion with very little, if any, resulting benefit. While Defendants should take care to satisfy the minimal pleading standard that applies to affirmative defenses, Plaintiffs should weigh the burden on the parties and the Court of filing, responding to, and ruling on motions to strike against the benefits they would obtain by having the affirmative defenses stricken, especially in light of the fact that the Defendant will almost certainly be permitted to replead any stricken defense in an amended answer if the facts support it. Most often, the more efficient—and therefore preferred—course of action will be to let inadequately pled affirmative defenses remain at the pleading stage and address them after the statement of defenses is filed as required by the case management plan in this district. At that point in the litigation, both parties will know which defenses are actually going to be pursued and what evidence there is to support them; if appropriate, the Plaintiff can address them at that time by means of a motion for summary judgment or motion for judgment on the pleadings.

SO ORDERED: 4/19/16

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copy to all counsel of record via electronic notification